10-2419-cv
Esbin & Alter LLP v. Sabharwal, Globus, & Lim, LLP

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                   *Circuit Judges*.

---------------------------------------------------------------

ESBIN & ALTER, LLP,

                     *Plaintiff-Appellant-Cross-Appellee,*

                                                      10-2419-cv(L)
          -v.-                                        10-2546-cv(XAP)

SABHARWAL, GLOBUS, & LIM, LLP,

                     *Defendant-Appellee-Cross-Appellant*,

PAUL ZAPPIER, ADVANCED TRADE SETTLEMENT, LLC,
RAD TECHNOLOGIES, INC.,

                     *Defendant-Appellees.*

---------------------------------------------------------------

For Appellant-Cross-Appellee:      Daniel S. Alter, Alter & Alter LLP, New York, NY.

For Appellee-Cross-Appellant:      Paul M. Falker, Arent Fox LLP, New York, NY.

For Defendant-Appellees:      Marc Lieberstein, Frederick L. Whitmer, Kilpatrick
                              Stockton LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED, AND DECREED** that the preliminary injunction is **VACATED** and the case is **REMANDED**.

Plaintiff-Appellant-Cross-Appellee Esbin & Alter, LLP appeals from an order of the district court granting in part and denying in part Esbin & Alter's request for preliminary injunctive relief enjoining Defendant-Appellees and Defendant-Appellee-Cross-Appellant Sabharwal, Globus, & Lim, LLP, from distributing and continuing to use certain software in violation of Esbin & Alter's copyright. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

We review the grant of a preliminary injunction for abuse of discretion. *SEC v. Dorozhko*, 574 F.3d 42, 45 (2d Cir. 2009). A district court abuses its discretion "when (1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009) (internal quotation marks and citation omitted).

A party seeking a preliminary injunction must generally demonstrate that it will suffer irreparable harm absent injunctive relief and either (1) that it is likely to succeed on the merits of the action, or (2) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, provided that the balance of hardships tips decidedly in favor of the moving party. *Citigroup Glocal Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34-35 (2d Cir. 2010). Moreover, as we explained in *Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010), in the copyright context, courts must always consider the balance of hardships, even when the movant demonstrates a likelihood of success on the merits, and must also determine that an injunction would not disserve the public interest before issuing provisional relief. *Id.* at 79-80.

Additionally, in *Salinger*, we abrogated the longstanding practice in this Circuit of presuming irreparable harm upon a showing that a copyright plaintiff was likely to succeed on the merits of an infringement action. *See id.* at 75-76. In so doing, we explained that even where a plaintiff has demonstrated a likelihood of success on the merits, a "court may issue the injunction only if plaintiff has demonstrated that he is likely to suffer irreparable injury in the absence of an injunction," and we cautioned courts not to "adopt a categorical or general rule or presume that the plaintiff will suffer irreparable harm . . . ." *Id.* at 80 (internal quotation marks and citation omitted).

In this case, the district court awarded injunctive relief shortly before our decision in *Salinger* issued. Accordingly, the district court applied a presumption of irreparable harm upon a showing that Esbin & Alter was likely to succeed on the merits of its copyright infringement claim. However, after this Court's decision in *Salinger*, that presumption no longer holds.

Further, while the district court briefly addressed whether Esbin & Alter had made an independent showing of irreparable harm, we find the record below insufficient to conclude that Esbin & Alter would face irreparable harm absent injunctive relief. It appears no evidence was submitted to the district court regarding Esbin & Alter's loss of market share or clients following Sabharwal, Globus, & Lim's acquisition and use of the allegedly infringing software. Moreover, we are unable to locate any other evidence in the record establishing a connection between any alleged competitive harm Esbin & Alter might suffer, or has suffered, and Sabharwal, Globus, & Lim's *use* of the software.

We also note that the irreparable harm analysis in *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240 (3d Cir. 1983), is distinguishable from the present case. Whereas the subject of the infringement action in *Apple Computer* (computer operating system software) was a portion of a product sold by defendant (a computer) that was itself in direct competition with plaintiff's product (a computer with operating system programs), Esbin & Alter and Sabharwal, Globus, & Lim are law firms whose principal products (legal services) appear to be *supported* by the subject of the underlying infringement action in this case (the software); that is, these two firms do not sell software directly. It does not necessarily follow that no irreparable harm can flow from any infringement in this case, but Esbin & Alter must make an affirmative showing of any such irreparable harm before injunctive relief is appropriate. Accordingly, we remand to the district court for fact-finding on the issue of irreparable harm as arising potentially from both the use and distribution of the software in question.

For the foregoing reasons, the preliminary injunction is **VACATED** and the case is **REMANDED** to the district court for additional fact finding on the issue of irreparable harm, which, at the judge's discretion, may be consolidated with a trial on the merits. Within ten days of a decision of the district court, the jurisdiction of this Court may be restored by a letter from either party to the Clerk of the Court, *see United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), in which event the renewed appeal(s) will be assigned to this panel. We have considered the parties' remaining arguments and defer them until such time as there may be renewed appeals pending before this Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3